## Kyle Bros. v. Goff.

(Decided November 14, 1911.)

### Appeal from Clinton Circuit Court.

1. Judgment—Instruction—Reversal—Evidence.—A judgment will not be reversed for an instruction which did not prejudice the substantial rights of the adverse party under the evidence.

2. Land—Boundary—Corners—Instructions.—One corner of a patent is of no more dignity than another. But an instruction giving

prominence to the beginning corner of the patent is not prejudicial where this corner was agreed upon and the controversy turned on other corners.

McQUOWN & BECKHAM, O. B. BERTRAM for appellant.

J. O. EWING, HAZELRIGG & HAZELRIGG for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

T. C. Goff brought this suit against Kyle Brothers to recover for certain timber that they had cut on land which he alleged he owned. By their original answer they traversed the allegations of the petition. By an amended answer they alleged that they held under a patent that was older than that under which Goff held, and that the cutting complained of was within the boundary of the senior patent. The amended answer was controverted of record, and the case coming on for trial before a jury, there was a verdict and judgment in favor of Goff. Kyle Brothers appeal.

Goff claims under a patent for 61 acres issued to him on March 30, 1881. Kyle Brothers claim under a patent to Frances Irvin issued November 1, 1876. The whole controversy turns on the proper location of these patents, and the only question made on the appeal is as to the propriety of the court's instructions to the jury. The court gave the jury these instructions which are complained of:

"1. You will find for the plaintiff, T. C. Goff, unless you believe from the evidence that all of the timber trees mentioned in the evidence were cut from the land included in a lap of the tract of land patented by T. C. Goff, March 30, 1881, containing 61 acres by a patent which was previously issued to Frances Irvin to a 40 acre tract of land, and if you shall so believe you will find for the defendants.

"3. If the jury believe from the evidence that the defendants cut no timber, except on the lands embraced by the Frances Irvin patent, you will find for the defendants.

"4. You are instructed that in making surveys, courses, and distances yield to natural and known monuments and where the beginning corner of a survey is agreed to, the survey should be located by beginning at

that corner, following the calls of the patent, giving to marked lines the preference over the calls of the patent.''

It is insisted that the court erred in telling the jury that they should find for Goff unless the trees sued for were cut from land within the Irvin patent, and to find for the defendants if they cut no timber except on the lands embraced by that patent. But the only real question in the case was whether the defendants had cut outside of the Irvin patent or not. Their whole claim to the timber, was rested on the ground that it was on land included in the Irvin patent. If it was not in the Irvin patent they had no right to it. There was practically no evidence that the land from which the timber was cut was not included in the Goff patent. The evidence was so clear on this subject that if the court had submitted to the jury the question whether the timber was cut from the Goff patent it could not possibly have had any effect on the result of the case. It is also insisted that the first and third instructions are not clear. But we cannot see how the jury, reading them together, could have failed to understand them, especially in view of the evidence on the trial, which on behalf of the defendants was directed to showing that the land was included in the Irvin patent, and on the part of the plaintiff, that it was not.

The fourth instruction is complained of because it gives undue prominence to the beginning corner of the patent. The instruction seems to have been taken from language used by this court in White House Cannel Coal Co. v. Wells, 25 R., 60. But that case was not similar to this. There the court had nothing to go by except the beginning corner of the patent and the courses and distances called for in it. The beginning corner of the Frances Irvin patent is a white walnut. There was no dispute in this case as to the white walnut; the trees were standing plainly marked and it was recognized by both sides as the corner. But although this corner was agreed to, it was entitled to no more weight before the jury than any other corner established by the evidence; but we do not think the jury, taking Instruction No. 4 as a whole, could have been misled under the evidence as they were told that courses and distances must yield to natural and known monuments, and that in running the calls of the patent, marked lines should be given a preference over the calls. To run out the Irvin patent as the defendants try to locate it would have given the tract of land an entirely different shape from that shown in the

original plot. As thus run out the patent did not close and a new line of considerable length had to be inserted to close the survey, which when closed included a much larger body of land than the patent called for. If the instruction had been worded as it is now insisted by counsel it should have been worded, it could not under the evidence have affected the result. It is the duty of the court under the statute to disregard all errors not affecting the substantial rights of the adverse party, and under this rule a judgment will not be reversed for an instruction which could not have had a controlling effect on the case. We do not approve the instruction; but we are satisfied that substantial justice has been done, and that the interest of the parties requires that the litigation should not be prolonged. The proof for the defendants was to the effect that the lines claimed by them were marked; and under Instruction 4 these marked lines were given preference over the calls of the patent. The real difficulty with their case was not in beginning the survey at the beginning corner, but in the fact that as located by them the survey did not close or have any resemblance to the original plot. The controversy turned on the other corners which were in dispute between the parties. There was no dispute about the beginning corner and if nothing had been said about it in the instruction, the jury would naturally have looked to this agreed beginning corner as the point to start from in locating the survey. The other corners were to be located under the instruction by the known monuments or marked lines in preference to the calls of the patent.

Judgment affirmed.